# Richardson v. Public Ledger Company, Appellant.

*Libel—Evidence—Admissibility—Cumulative evidence—Discretion of court—Damages— Children's home — Conditions at other time.*

1. Where in an action to recover damages for a libelous publication, defendant filed a plea of justification and undertook to prove the truth of the article complained of and produced witnesses who testified to the actual state of affairs observed by them covering practically the whole period discussed in the alleged libel, it was not error for the court below to refuse to receive other evidence amounting to no more than tenders of additional or cumulative proofs as of a time subsequent to the alleged libel.

2. In the trial of such a case, it was not error for the trial court to refuse testimony offered by defendant tending to deny facts as to conditions relating to a period subsequent to the publication, where it appeared that evidence of such conditions had aimlessly crept into the case without objection by defendant or had been brought out upon cross-examination by defendant's counsel, and especially where such evidence was not such as would appear to affect the verdict to a material degree.

3. In the trial of an action to recover damages for the publication of an alleged libel in defendant's newspaper, it appeared that the publication contained severe strictures upon the conditions of a children's home with which plaintiff was connected as a trustee and medical director. Plaintiff offered evidence to show that the article was untrue and that she had suffered damage. Defendant

under its plea of justification offered evidence to prove that the publication was substantially true, and, after calling several witnesses who had first-hand knowledge of conditions in the home during the period which the publication complained of, offered the testimony of other witnesses who had inspected the institution nineteen days after the publication. The court rejected this testimony. The jury rendered a verdict for plaintiff, upon which judgment was entered. *Held,* no error.

Argued Jan. 16, 1918.   Appeal, No. 224, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June Term, 1915, No. 2387, on verdict for plaintiff in case of Emma M. Richardson v. Public Ledger Company.   Before Brown, C. J., Stewart, Moschziskir, Frazer and Walling, JJ.   Affirmed.

Trespass for libel.   Before Shoemaker, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000 and judgment thereon.   Defendant appealed.

*Errors assigned* were rulings on evidence.

*Thomas Raeburn White,* for appellant.—The exclusion of evidence offered for the purpose of showing the condition of the home and of the children therein on April 5, 1915, was error; such evidence was relevant as tending to raise an inference as to the condition of the home nineteen days prior to that time when defendant was in charge: Marston v. Dingley, 88 Maine 546 (34 Atl. Repr. 414); Lohr v. Phillipsburg Boro., 165 Pa. 109; Horton v. Hall, 1 Pennypacker 159; Davidson v. Sanders, 1 Pa. Superior Ct. 432; Washington, Etc., Turnpike Co. v. Case, 80 Md. 36; Sherwood v. Titman, 55 Pa. 77; Murphy v. Prudential Ins. Co., 205 Pa. 444; Nophsker v. Supreme Council of The Royal Arcanum, 215 Pa. 631.

*Francis S. Laws,* of *Lewis, Adler & Laws,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 18, 1918:

The plaintiff, Emma M. Richardson, sued to recover damages for an alleged libel which appeared in a newspaper owned and published by defendant; at trial, the issues involved were submitted to the jury in a manner not complained of; the verdict favored plaintiff, and defendant has appealed.

The publication concerned the alleged improper management of, and unsanitary conditions existing in, a children's home and day nursery, founded in 1912 by plaintiff, and with which she has ever since remained intimately connected as a trustee and medical director. The article was published March 17, 1915, and contained severe strictures upon the conditions at this home while Dr. Richardson was in what it termed "unrestricted control." It appears in the evidence—and as to this there is no conflict—that the institution was visited by fire on December 11, 1914; that, at this time, not only the real estate, but much of the personal property of the home was damaged or destroyed; that, thereupon, the inmates were removed temporarily to another place, and the house was not again occupied until early in January, 1915; that, as a result of exposure at this fire, plaintiff became seriously ill, and had nothing whatever to do with the conduct of the home from December 18, 1914, to March 15, 1915, the institution during that period being under the immediate direction and control of others, some of whom were the informants of defendant.

The record is bulky, but the assignments of error complain only of certain rulings upon offers of testimony. Near the end of the trial, counsel for defendant called to the stand two women, who inspected the home on April 5, 1915, but had no first-hand knowledge of conditions prior to that date, and several tenders of evidence were made to prove the state of affairs which these witnesses found then prevailing at the institution; these offers were refused. Defendant states in its printed argument

that "this testimony was offered, primarily, in proof of conditions which existed on the date of the publication, nineteen days prior to the examination [of the institution by the witnesses in question], and, secondarily, to contradict a great mass of evidence which plaintiff had voluntarily introduced, tending to show conditions in the home for a period long after the publication."

The learned president judge of the court below, in a most satisfactory opinion sustaining the rulings now under attack, correctly states: "The alleged libel related to a condition in the home before its publication, and plaintiff went on the stand in chief and testified solely in relation thereto [that is to say, her testimony in chief was confined to the conditions existing during a period which had passed prior to the date of the publication complained of]. On cross-examination, however, defendant's counsel asked a number of questions relating to conditions after the publication.......In response to some of the insinuations of these questions, plaintiff did, later on, offer some testimony as to the conditions that had just been alluded to, and occurring after the publication. As far as this evidence is concerned,......it was not objected to, and all defendant would have a right to do in relation thereto, if anything, would be to prove that this testimony was untrue; but it did not open the door to allow defendant to prove anything it chose that had no relation to the testimony already offered, as to the conditions after the publication."

To what is so well said in the excerpt just quoted from the court below, we may add the following brief views: Appellant's contention that the offers before us should be considered as tendering testimony to meet other evidence previously introduced during the presentation of plaintiff's case, concerning conditions existing subsequent to the date of the alleged libel, cannot be sustained, for the reason that none of these offers, in terms, state such to be their purpose; furthermore, the testimony proffered by defendant was not, and did not purport to

be, responsive to any particular item of evidence previously adduced by plaintiff; then, again, there was no "great mass" of evidence in the record "tending to show conditions at the home for a period long after the publication," and most of the testimony of this character which is to be found appears either to have aimlessly crept into the case, without objection from defendant, or to have been brought out upon cross-examination by the latter's counsel; finally, considering the nature of the meager testimony actually offered by plaintiff regarding conditions existing after the libel, in connection with the evidence as a whole, it is not at all likely the former affected the verdict to any material degree.

The offers under consideration cannot be sustained upon the ground that they present evidence which would warrant a finding that the conditions at the home on April 5, 1915, reflect those previously existing when Dr. Richardson was in control, for they entirely fail to take into account either the intervening fire or plaintiff's long absence from the institution, during which latter time it was in charge of others over whom she exercised no control; that is to say, the offers, as made, do not allow for the possible effect of these material intermediate circumstances upon the subsequent conditions as to which they tender proof. Moreover, if the purpose of the offers was to ascertain, through inference from subsequent conditions, the situation at the home during the time plaintiff was in control, then, since defendant produced numerous eyewitnesses who testified to the actual state of affairs observed by them, covering practically the whole period discussed in the alleged libel, it is sufficient to say there was no good reason for permitting the introduction of the evidence in question.

We conclude that, at best, the offers amount to no more than tenders of additional or cumulative proofs, which it was within the discretion of the trial judge either to accept or decline; and, considering the number of witnesses who already had testified upon the particu-

lar subjects comprehended by the proposed testimony, it cannot justifiably be even argued that there was any abuse of discretion in its refusal.

The verdict is a substantial one; but, as stated by the court below, the plaintiff proved actual losses covering much the greater part of the jury's award, and, since defendant failed to sustain its plea of justification, the balance is not excessive punitive damages.

The assignments of error are overruled and the judgment is affirmed.